Filed 9/21/16  P. v. Crawford CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B267354 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA080086) |
| v. | |
| IEON CRAWFORD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David B. Gelfound, Judge.  Reversed in part and remanded for resentencing.

Law Offices of James Koester, James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Allison H. Chung, Timothy L. O'Hair Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted defendant and appellant Ieon Crawford of criminal street gang conspiracy (Pen. Code, § 182.5[1]), street terrorism (§ 186.22, subd. (a) (§ 186.22(a))), possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a)), possession of a controlled substance—methamphetamine (Health & Saf. Code, § 11377, subd. (a)),[2] possession of a firearm with a prior violent conviction (§ 29900, subd. (a)(1)), possession of a firearm by a felon (§ 29800, subd. (a)(1)), and possession of ammunition by a felon (§ 30305, subd. (a)(1)). As to all offenses except for the possession of a controlled substance offense (Health & Saf. Code, § 11377, subd. (a)), the jury found true the allegations that defendant committed the offenses for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further, and assist in criminal conduct by gang members. (§ 186.22, subd. (b)(1) (§ 186.22(b)(1)) (gang enhancements).) The trial court found true the allegations that defendant had a prior conviction under the Three Strikes law (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)), a prior serious felony conviction (§ 667, subd. (a)(1)), and three prior convictions for which he served a prison term (§ 667.5, subd. (b)). Defendant was sentenced to state prison for a term of 25 years four months.

Defendant contends insufficient evidence supports his street terrorism conviction and the gang enhancement findings.[3] We reverse defendant's street terrorism conviction and the gang enhancement findings and remand for resentencing.

---

[1]   All statutory citations are to the Penal Code unless otherwise noted.

[2]   The jury convicted defendant of simple possession of a controlled substance as a lesser included offense of the charged offense of possession for sale of a controlled substance (Health & Saf. Code, § 11378).

[3]   In a third argument, defendant claimed the trial court intended to impose consecutive sentences of one-third of the middle term on the gang enhancements for his convictions for possession of a firearm with a prior violent conviction and possession of ammunition by a felon but instead, mistakenly, imposed consecutive one-third of the upper term sentences. After reviewing the Attorney General's brief concerning this claim, defendant properly acknowledged the trial court intended to impose one-third of

## BACKGROUND

From January through March 2014, Los Angeles Police Department Detective Ammon Williams and other officers conducted a surveillance of the residences at 12926 and 12932 Maclay Street in Los Angeles County. During the surveillance, Williams observed conduct consistent with the sale of narcotics. Williams did not see defendant, an admitted San Fer gang member with the gang moniker "Dreamer," at either of the residences during the surveillance.

In January 2014, Paul Altimirano, a documented San Fer gang member, engaged in "some sort of exchange" in front of 12926 Maclay Street from the front passenger seat of a vehicle. After the transaction, Altimirano drove away. The police stopped Altimirano's vehicle and arrested him.

On March 18, 2014, Los Angeles Police Department officers searched the residences at 12926 and 12932 Maclay Street. Officer David St. Pierre searched the residence at 12932 Maclay Street. Defendant and an unidentified woman were found in one of the bedrooms at that residence. From that bedroom, the police recovered three baggies that contained 3.81 grams of a substance that resembled methamphetamine—the contents of one of the baggies tested positive for methamphetamine, eight baggies that contained 202 grams of marijuana, narcotics paraphernalia and packaging material, two digital scales, $50, a loaded .380 semiautomatic handgun, a .45 semiautomatic handgun, ammunition, and mail addressed to defendant. The bedroom had a TV monitor that displayed images from a security camera at the front of the house. There was San Fer gang graffiti in defendant's bedroom.

There were other persons in 12932 Maclay Street when police officers searched that residence. Jario Gutierrez was in the living room, Christine Rocha and Jorge or Joseph Torres were in one of the bedrooms, Christopher Curtis and Jolene Collard were in another bedroom, and Peter Medella was in an unidentified part of the residence. Williams identified Torres as the person he saw in front of 12926 and 12932 during the

the upper term and not one-third of the middle term for the gang enhancements on those offenses. Accordingly, we do not reach this issue.

3

surveillance engage in conduct consistent with drug transactions. The police found a digital scale, a small amount of methamphetamine, and a T.V. monitor that was attached to an outside camera in Torres's room.

Los Angeles Police Department Detective Robert Beaty, the prosecution's expert witness on the San Fer gang, testified that the San Fer gang had about 700 documented members. The members of the San Fer gang had engaged in a pattern of criminal activity that included theft, robbery, battery, assault with a deadly weapon, shootings, attempted murder, and murder. The gang's primary activities were the sale and distribution of illicit drugs. The residence at 12932 Maclay Street was within the San Fer gang territory. San Fer gang graffiti and written references to the gang were found in defendant's bedroom and in the residence. Beaty opined that defendant was an active member of the San Fer gang.

The prosecutor provided Beaty with a set of hypothetical facts based on this case and asked whether the hypothetical conduct was gang related as follows: "If a gang member is discovered at a location, and that location is within that gang's territory, and the gang member is in possession of a loaded firearm, ammunition, and baggies of methamphetamine in a room equipped with surveillance equipment, which is monitoring the front entrance of the location, and the location has graffiti drawn on various objects in the location, and there's a specific room that the gang member is located in, what is your opinion about whether that crime would be committed for the benefit of, or at the direction of, or in association with a criminal street gang with the specific intent to promote, or further, or assist in any criminal conduct by gang members?"

Beaty opined that conduct promoted and furthered the gang's criminal activity because the sale of illicit drugs produced a great deal of income for the gang. The gang protected those drugs by carrying firearms. Beaty explained the gang purchased drugs wholesale and distributed the drugs to its members who sold the drugs to users. Some of the money from drug sales was returned to the gang to buy additional drugs or guns or to pay for legal costs. The individual gang member retained the remainder of the drug sales money as payment for services rendered.

Beaty opined that the guns were possessed to protect against rival gang members taking the gang's profits from drug sales. Also, carrying guns promoted fear and intimidation in rival gangs and the community thus allowing the gang to commit crimes without detection by law enforcement.

## DISCUSSION

### I. Sufficiency of the Evidence in Support of Defendant's Street Terrorism Conviction

Defendant contends insufficient evidence supports his street terrorism conviction (§ 186.22(a)[4]) because the evidence does not show that he committed any of the charged crimes in concert with another member of his gang. We agree.

#### A. *Standard of Review*

"'When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' (*People v. Lindberg* (2008) 45 Cal.4th 1, 27 [82 Cal.Rptr.3d 323, 190 P.3d 664].) We determine 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' (*Jackson v. Virginia* (1979) 443 U.S. 307, 319 [61 L.Ed.2d 560, 99 S.Ct. 2781].) In so doing, a reviewing court 'presumes in support of the judgment the existence of every fact the trier

---

[4]    Section 186.22(a) provides: "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years."

could reasonably deduce from the evidence.' (*People v. Kraft* (2000) 23 Cal.4th 978, 1053 [99 Cal.Rptr.2d 1, 5 P.3d 68].)" (*People v. Edwards* (2013) 57 Cal.4th 658, 715.)

"Substantial evidence includes circumstantial evidence and the reasonable inferences flowing therefrom." (*People v. Ugalino* (2009) 174 Cal.App.4th 1060, 1064.) "We 'must accept logical inferences that the jury might have drawn from the circumstantial evidence. [Citation.]' [Citation.]" (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) In determining whether substantial evidence supports a conviction, "we do not reweigh the evidence, resolve conflicts in the evidence, draw inferences contrary to the verdict, or reevaluate the credibility of witnesses." (*People v. Little* (2004) 115 Cal.App.4th 766, 771, citing *People v. Jones* (1990) 51 Cal.3d 294, 314.)

### B. *Application of Relevant Principles*

"The elements of the gang participation offense in section 186.22(a) are: First, active participation in a criminal street gang, in the sense of participation that is more than nominal or passive; second, knowledge that the gang's members engage in or have engaged in a pattern of criminal gang activity; and third, the willful promotion, furtherance, or assistance in any felonious criminal conduct by members of that gang. [Citation.]" (*People v. Rodriguez* (2012) 55 Cal.4th 1125, 1130.) "[T]o satisfy the third element, a defendant must willfully advance, encourage, contribute to, or help *members* of his gang commit felonious criminal conduct. The plain meaning of section 186.22(a) requires that felonious criminal conduct be committed by at least two gang members, one of whom can include the defendant if he is a gang member. [Citation.]" (*Id.* at p. 1132.) When a defendant acts alone in committing a crime—i.e., not "*collectively* with gang members"—he does not violate section 186.22(a). (*People v. Rodriguez, supra,* 55 Cal.4th at p. 1139.)

Defendant concedes evidence supports the first two elements of his street terrorism conviction, but contests the third element. He argues, "[T]he prosecution presented no evidence that [he] was cooperatively assisting any other member of San Fer during the commission of the possession for sale of the methamphetamine and firearm

6

and ammunition possession crimes for which he was charged."[5]  He contends none of the persons in the house was identified as a San Fer gang member and there was no evidence that he was "working with any other person who was identified as a member of his gang."  Because there was no evidence that any of the persons found in the 12932 Maclay Street residence was a gang member, there was insufficient evidence to support the charge that defendant possessed the methamphetamine, the firearms, or the ammunition found in his bedroom "collectively" with gang members or that he conspired with gang members to possessed that contraband.  (*People v. Rodriguez, supra,* 55 Cal.4th at pp. 1130, 1139.)

The Attorney General argues sufficient evidence supports defendant's street terrorism conviction because the evidence shows defendant willfully promoted, furthered, or assisted fellow gang member Altimirano in the distribution or sale of controlled substances under the theories of aiding and abetting and conspiracy.  The evidence with respect to Altimirano, a San Fer gang member, showed that he engaged in "some sort of exchange" in front of 12926 Maclay Street from the front passenger seat of a vehicle in January 2014.  He drove away from that residence and later was stopped by the police and arrested for an unspecified reason.  Williams testified that he did not see defendant during the surveillance at either 12926 or 12932 Maclay Street.  Defendant was found at 12932 Maclay Street on March 18, 2014, six weeks after Altimirano's arrest.  The Attorney General has not identified substantial evidence from which a reasonable trier of fact could find beyond a reasonable doubt that defendant helped or conspired with Altimirano to distribute or sell controlled substances.  (*People v. Edwards, supra,*  57 Cal.4th at p. 715; *People v. Rodriguez, supra,* 55 Cal.4th at pp. 1130, 1139.)  Accordingly, we reverse defendant's street terrorism conviction.

---

[5]    Defendant omits reference to the criminal street gang conspiracy charge.  The jury was instructed, however, that the conspiracy charge concerned the possession for sale of a controlled substance and firearm and ammunition possession offenses.

**II. Sufficiency of the Evidence in Support of the Gang Enhancement Findings**

Defendant claims insufficient evidence supports the gang enhancement findings because the evidence does not show he committed any of the firearm, methamphetamine, or ammunition possession or criminal street gang conspiracy offenses "in connection or association with a criminal street gang and with the specific intent to further or promote a criminal street gang interest." Insufficient evidence supports the gang enhancement findings.

*A. Standard of Review*

We set forth above the standard of review for challenges to the sufficiency of evidence supporting a conviction for a substantive criminal offense. We review a claim of insufficient evidence to support a gang enhancement finding under the same standard. (*People v. Villalobos* (2006) 145 Cal.App.4th 310, 321-322.)

*B. Application of Relevant Principles*

The gang enhancement in section 186.22(b)(1)[6] consists of two prongs that require the prosecution to prove the defendant committed the charged offense (1) "for the benefit of, at the direction of, or in association with any criminal street gang," and (2) "with the specific intent to promote, further, or assist in any criminal conduct by gang members." (*People v. Gonzales* (2015) 232 Cal.App.4th 1449, 1464; *People v. Rodriguez, supra,* 55 Cal.4th at p. 1139 ["the gang enhancement under section 186.22(b)(1) requires both that the felony be gang related and that the defendant act with a specific intent to promote, further, or assist the gang"].) As to the first prong, "'[e]xpert opinion that particular criminal conduct benefited a gang' is not only permissible but can be sufficient to support

---

[6]     Section 186.22(b)(1) provides, in pertinent part: "Except as provided in paragraphs (4) and (5), any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished . . . ."

the Penal Code section 186.22, subdivision (b)(1), gang enhancement. [Citation.]" (*People v. Vang* (2011) 52 Cal.4th 1038, 1048; *People v. Albillar* (2010) 51 Cal.4th 47, 63 ["Expert opinion that particular criminal conduct benefited a gang by enhancing its reputation for viciousness can be sufficient to raise the inference that the conduct was 'committed for the benefit of . . . a[ ] criminal street gang' within the meaning of section 186.22(b)(1)"].) A gang expert's testimony alone—i.e., without evidentiary support— however, is insufficient to find an offense gang related. (*People v. Ochoa* (2009) 179 Cal.App.4th 650, 657; *People v. Ramon* (2009) 175 Cal.App.4th 843, 851 [gang enhancement reversed where "[t]here were no facts from which the expert could discern whether [defendants] were acting on their own behalf . . . or were acting on behalf of the [gang]. While it is possible the two were acting for the benefit of the gang, a mere possibility is nothing more than speculation"].)

The second prong "applies to *any* criminal conduct, without a further requirement that the conduct be 'apart from' the criminal conduct underlying the offense of conviction sought to be enhanced." (*People v. Albillar, supra,* 51 Cal.4th at p. 66.) That is, the "any criminal conduct by gang members" provision in the second prong includes the current or charge offenses. (*Id.* at p. 65.) Moreover, there is no "requirement that the defendant act with the specific intent to promote, further, or assist a *gang*; the statute requires only the specific intent to promote, further, or assist criminal conduct by gang members." (*Id.* at p. 67.)

Beaty's testimony does not provide sufficient evidence to support the first prong of the gang enhancement. Beaty testified that the San Fer gang's primary activities were the sale and distribution of illicit drugs. As set forth above, the prosecutor provided Beaty with a set of hypothetical facts based on this case—a gang member was discovered at a location in gang territory in possession of a loaded firearm, ammunition, and baggies of methamphetamine in a room equipped with surveillance equipment that was monitoring the front entrance of the location, and the location had graffiti on various objects—and asked whether the hypothetical conduct was gang-related. Beaty opined that such conduct promoted and furthered the gang's criminal because the sale of illicit

9

drugs produced a great deal of income for the gang. He testified that the gang protected its drug income with firearms, and that carrying firearms guns promoted fear and intimidation in rival gangs and the community thus allowing the gang to commit crimes without detection by law enforcement. Because there was no evidence at trial that any member of the San Fer gang distributed or sold drugs from the residence at 12932 Maclay Street, and there was no evidence of any specific instance in which a San Fer gang member used a firearm to intimidate a rival gang member or avoid detection after committing a crime, there is insufficient evidence to support the jury's true findings on the gang enhancement findings. (*People v. Ochoa, supra,* 179 Cal.App.4th at p. 657; *People v. Ramon, supra,* 175 Cal.App.4th at p. 851.) Accordingly, we reverse the gang enhancement findings.

## DISPOSITION

Defendant's street terrorism conviction and the gang enhancement findings are reversed and the matter is remanded for resentencing. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KUMAR, J.*


We concur:


TURNER, P. J.


KRIEGLER, J.

---

\*      Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.